IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFF KYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:12-0655 |
| | ) JUDGE NIXON/KNOWLES |
| | ) JURY DEMAND |
| SOUTHERN RETAIL INVENTORY | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Dismiss this action for failure to prosecute. Docket No. 13. The Motion states that the Court entered an Order on January 31, 2013 allowing Plaintiff's counsel to withdraw. Docket No. 12. The Motion to Withdraw was accompanied by a letter Plaintiff's counsel sent to Plaintiff which essentially stated that Plaintiff's counsel had attempted to reach him by telephone and e-mail but that they had not heard from him. The letter stated in part as follows, "[I]f we do not hear from you within ten (10) days from your receipt of this well [*sic*] we will assume you no longer wish to pursue your claim and will have no choice but to withdraw as your attorneys." Docket No. 10-1. The Motion to Withdraw also stated that Plaintiff's counsel had sent the referenced letter to him via U.S. Mail, but that letter was returned with the notation, "Moved Left no Address Unable to Forward Return to Sender." Docket No. 10-2.

The Order allowing Plaintiff's counsel to withdraw specifically stated that Plaintiff "shall

have thirty days to obtain new counsel or notify the Court of his intention to proceed *pro se*; otherwise, Defendant may move to dismiss the case for failure to prosecute." Docket No. 12.

The instant Motion is based upon the fact that more than thirty days has expired since the entry of the referenced Order, but Plaintiff has not notified the Court of his intention to proceed pro se, nor has he obtained new counsel.

The Court further notes that Plaintiff has not filed a Response to the instant Motion which indicates that there is no opposition to the motion. Local Rule 7.01(b).

For the foregoing reasons, the undersigned recommends that this action be DISMISSED for failure to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge